**Melvin Sylvester OWENS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 28405.**

Missouri Court of Appeals,
Kansas City District.

Nov. 1, 1976.

Motion for Rehearing and/or Transfer
Denied Nov. 29, 1976.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Melvin Owens filed a motion pursuant to Rule 27.26 in which he sought to vacate his sentence of life imprisonment following his conviction by a jury of murder in the first degree.

In his motion Owens accused the attorney, who he had hired to represent him in his trial, with failure to effectively represent him. He alleged the attorney failed to request a change of venue, failed to object to certain evidence, and failed to request the rule excluding witnesses from the courtroom be invoked.

The court held an evidentiary hearing at which Owens was the only witness. The only evidence presented which bore on Owens' allegation of ineffective assistance of counsel was Owens' statement that he had been advised by the attorney who handled his direct appeal that his trial attorney had preserved nothing for review. Other than this, Owens' evidence consisted of simply identifying his motion and his offer of the entire transcript of his trial.

The court overruled Owens' motion and found that Owens' attorney was effective in protecting his rights and this resulted in Owens receiving a fair trial.

On this appeal Owens does not point to any dereliction on the part of his trial attorney as constituting ineffective assistance except for a general statement that such attorney failed to object and was unable to preserve a record for appeal. No specific instance of a failure to object is mentioned; the only allegation of a specific inability to preserve a record is the assertion that counsel failed to preserve the issue of the constitutionality of Owens' confession.

On the direct appeal, Owens' conviction was affirmed in *State v. Owens,* 486 S.W.2d 462 (Mo.1972). In that opinion, the court considered the validity and admissibility of Owens' confession, and held there had been probable cause for Owens to be arrested. This fully answered the contention made by Owens that his confession was not admissible because his arrest had been illegal because it had been made without probable

cause. The only complaint on appeal concerning the confession, on which the court mentioned any lack of record, was the complaint that the trial court had failed to make a finding that Owens had been advised of his rights and his confession was freely and voluntarily made. However, the court pointed out a full pretrial hearing was held on the issue of the voluntary nature of Owens' confession and its admissibility. The court observed all of the evidence at that hearing was that Owens had been fully advised of his rights. The trial court overruled the motion to suppress and in so doing obviously found that Owens had been advised of his rights. No effort is made on this appeal to show how Owens was deprived of a fair trial by reason of any failure on the part of his trial counsel to request any specific findings at the conclusion of the pretrial hearing on his motion to suppress.

In *State v. Washington*, 399 S.W.2d 109, 112[7] (Mo.1966) the court stated: "The mere fact of conviction and the bare assertion of 'ineffective assistance' of counsel is not sufficient to carry the burden or to state a claim for relief." The burden is cast upon Owens by Rule 27.26(f) to establish his grounds of relief by a preponderance of the evidence. No evidence was presented to the trial court and none is relied on here by which it could be said Owens has sustained his burden.

In addition, when ineffective assistance of counsel is alleged, movant does not sustain his burden of proof unless he clearly demonstrates that the acts or omissions of his counsel were of such character as to result in a substantial deprivation of the right to a fair trial. *Crow v. State*, 514 S.W.2d 13 (Mo.App.1974). It is plain Owens had failed to demonstrate any act or omission on the part of his counsel which deprived him of a fair trial and has thereby failed to sustain his burden of proof.

The judgment is affirmed.

All concur.