STATE of Missouri,
Plaintiff-Respondent,

v.

Kitt A. DICKERSON,
Defendant-Appellant.

No. 12717.

Missouri Court of Appeals,
Southern District,
Division 1.

April 1, 1983.

John D. Ashcroft, Atty. Gen., Nancy K. Baker, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

J. Armin Rust, Regional Public Defender, Lexington, William F. Weigel, Asst. Public Defender, Columbia, for defendant-appellant.

TITUS, Judge.

Kitt A. Dickerson, the 18-year-old defendant, was jury convicted February 25, 1982, in the Circuit Court of Barton County of robbery in the second degree (§ 569.030 RSMo 1978) and sentenced to imprisonment for five years. Defendant appealed.

On July 10, 1981, 76-year-old Thelma Elvy lived alone in a house in Neola, Dade County. Between 7:30 and 7:45 a.m. someone knocked on her door and when she opened it there were "two boys and a girl there. They looked like just kids." (Mrs. Elvy later identified the "two boys" as defendant and his brother Gregg Dickerson, and the "girl" as Terri Watts). Gregg asked to borrow a jack. Mrs. Elvy replied that she possessed none, but acceded to Terri's request to use the bathroom. When Terri had finished, Gregg used the bathroom and upon leaving it told Mrs. Elvy that water was overflowing. Mrs. Elvy went into the room and Terri and Gregg pulled the door shut and held it. When Mrs. Elvy called for help out the bathroom window, Gregg told her to "shut up." Twice Mrs. Elvy managed to get the bathroom door partially open. The first time, Gregg hit her in the mouth. The second time Gregg was armed with a butcher knife. Mrs. Elvy abandoned her efforts. Upon Gregg's insistences, Mrs. Elvy told Gregg where she kept her money. After a short wait and sensing no activity outside the bathroom, Mrs. Elvy pulled at the bathroom door and found it was tied to a bedroom door with a lamp cord. After finally managing to open the door, Mrs. Elvy sounded the alarm.

It should be noted well that Mrs. Elvy testified that defendant stayed outside the house on the front porch when Terri and Gregg entered for the ostensible purpose of only using the bathroom. There was no evidence or even a suggestion that defendant had entered the house at any time or had participated in any of the activities conducted by Gregg and Terri inside the home. The only suggestion of defendant's complicity in the charged robbery was that he stayed out of doors during its commission as a "lookout."

The principal instructions given by the court were MAI–CR2d 23.02 (robbery in the first degree), 23.04 (robbery in the second degree) and 24.02.1 (stealing). As the reader can learn by referring to the noted numbered instructions, the robbery charges are couched in terms which require the jury, before adjudging defendant guilty, to find that defendant personally stole the property in question and in so doing personally threatened the immediate use of physical force on or against Mrs. Elvy. The stealing instruction required a finding that defendant personally appropriated the property in question for the purpose of permanently withholding it from the owner.

As observed in the third paragraph of this opinion, the only evidence of defendant's guilt was as an aider. The trial court gave MAI–CR2d 2.10 (withdrawn effective January 1, 1983) which is, without specifically referring to the defendant on trial, a general critique concerning "Parties: General Accountability and Responsibility for Conduct—Persons Aiding, Agreeing to Aid or Attempting to Aid Another or Others." At the time of trial herein, it was a required instruction, requested or not. Albeit the instruction is essentially a broad, general explanation of accessory liability, it nowhere undertakes to relate itself to the particular parties supposedly associated with the crime or crimes involved in the trial. It is apparently for this reason that Notes on Use under MAI–CR2d 2.10 required that in all cases (other than conspiracy) in which there was evidence of defendant acting with others, both "MAI–CR 2.10 and MAI–CR 2.12 must be given, whether requested or not." Defendant claims on appeal the omission of the court to give MAI–CR2d 2.12 was error. We agree. *State v. Dodson*, 641 S.W.2d 115, 119 (Mo. App.1982). It is mandated by Rule 28.02(e), V.A.M.R., that "failing to give an instruc-

tion or verdict form in violation of this Rule *or any applicable Notes on Use* shall constitute error, its prejudicial effect to be judicially determined." (Emphasis added).

On appeal the state's sole reliance for affirmance is upon *State v. Murray,* 630 S.W.2d 577, 579–580[1–4] (Mo. banc 1982). As in this case, in *Murray* MAI–CR2d 2.12 was not given and defendant claimed the omission was error when he appealed his second degree burglary conviction. As the court in the instant case gave MAI–CR2d 23.02 and 23.04, the court in *Murray* gave MAI–CR2d 23.52 which permitted the jury to convict defendant "only as an active participant" and not as an aider. Unlike the case here, the court in *Murray* noted that the facts there would have allowed the jury to convict defendant either as an active participant or as an aider. However, the court in *Murray* held that by narrowing the basis for conviction to that of active participant, the giving of MAI–CR2d 23.52 without MAI–CR2d 2.12 operated to defendant's advantage and was, at most, harmless error.

Unlike *Murray,* in this case the only evidence of defendant's guilt was as an aider. Yet the verdict directors given all required the jury to find that defendant personally and actually committed all of the elements of robbery. Therefore, the jury must have guessed and speculated as to what a proper instruction based on aider liability would have been. Its speculations could not have been directed into proper channels via MAI–CR2d 2.10 which, as already noted, was simply an abstract statement of legal principles not specifically attuned to pertinent facts particular to the case. Sans a verdict director such as MAI–CR2d 2.12, the jury was given carte blanche to choose its own standards as to the area of accessory liability. This being so we cannot state with any degree of certainty that defendant was not prejudiced by the court's omitting to give an MAI–CR2d 2.12 instruction.

As defendant's other point relied on is not likely to be involved in a retrial, it will not be discussed.

The defendant's conviction is reversed and the cause is remanded for a new trial.

FLANIGAN, P.J., and GREENE, C.J., and CROW, J., concur.