**Carl MULLEN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 47948.**

Missouri Court of Appeals,
Eastern District,
Division Two.

August 21, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 28, 1984.

Debra Buie Arnold, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Rule 27.26 motion. Affirmed in part and reversed in part.

Movant was convicted of first degree murder and first degree robbery in 1973. He was sentenced to life imprisonment and twenty-five years imprisonment, respectively. The convictions were affirmed. *State v. Mullen,* 532 S.W.2d 794 (Mo.App.1975).

Defendant's Rule 27.26 motion was denied without an evidentiary hearing. This denial was reversed and remanded with instructions to hold an evidentiary hearing to determine if movant was denied effective assistance of counsel because his alibi defense was not adequately investigated. *Mullen v. State,* 638 S.W.2d 304 (Mo.App. 1982).

In accordance with the mandate, on September 7, 1982, the matter was set for evidentiary hearing. On the date set for evidentiary hearing, movant moved to amend his Rule 27.26 motion on the ground the convictions of murder and robbery constituted double jeopardy. The motion to amend was denied, evidence was heard on the failure to investigate movant's alibi defense, and the trial court denied relief.

■ Movant's first contention can summarily be disposed of in that there was credible evidence at the evidentiary hearing confirming the trial court's finding movant had not informed his trial counsel of the alleged alibi defense or gave him the names of alibi witnesses. *Vincent v. State,* 607 S.W.2d 815, 816 (Mo.App.1980).

■ Movant's double jeopardy contention has merit. *State v. Morgan,* 612 S.W.2d 1 (Mo. banc 1981) and *State v. Evans,* 660 S.W.2d 433, 435 (Mo.App.1983).

While the proposed amendment came too late, Rule 27.26(d), we grant plain error relief. Rule 30.20.

The judgment and sentence for the offense of first degree robbery is reversed

and for naught held. The judgment for first degree murder is affirmed.

REINHARD, C.J., and PUDLOWSKI, J., concur.