**STATE of Missouri, Respondent,**

v.

**Keith SCOTT, Appellant.**

**No. 47307.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 5, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Application to Transfer Denied
May 29, 1985.

Dave Hemingway, St. Louis, for appellant.

John Ashcroft, Mary Elise Burnett, Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction for capital murder, for which he was sentenced to life imprisonment with no possibility of probation or parole for fifty years, the death penalty having been waived by the prosecution. We reverse and remand for a new trial.

On September 8, 1982, defendant, who was then seventeen years old, and Keith Glasby rode a bus from St. Louis City to St. Louis County. Glasby informed defendant he (Glasby) was going to get his pistol, and rob someone for some money. When they arrived in St. Louis County, Glasby took defendant to a friend's house, where Glasby retrieved a gun, wrapped in a maroon shirt, from some bushes. Glasby donned the shirt and placed the gun in his waistband.

The two proceeded to victim's house. Glasby knew victim, who was known to give snacks and sometimes money to neighborhood children. She refused a request for money, but gave the two some snacks. While they ate, Glasby said "I'm gonna shoot the bitch now," went to the window, and shot her in the head at close range when she approached the window. Glasby entered the house through the window, took a wallet, a coin purse, money, a ring and necklace, and then exited through the window. Glasby and defendant ran, discarding the wallet and coin purse in a wastebasket in a men's restroom at a nearby bowling alley, and the gun, the maroon shirt, and Glasby's pants in a field by the bowling alley. The two then rode the bus back to St. Louis City.

A neighbor heard a pop, looked out her window, and saw a young black male wearing a maroon shirt climbing out of victim's window. She saw him join another young black male at the corner of victim's house and run away. The neighbor called the police, who found victim's body. A candy wrapper and a corn chip bag were found in the victim's yard; they had fingerprints later identified as defendant's and Glasby's. The wallet and coin purse were found. Glasby's name came up, he was questioned, and confessed, implicating defendant, who was then arrested. Upon arrest, defendant stated he "did not kill that lady, the other Keith did. I just got as far as the back porch." Defendant gave a videotaped statement differing from Glasby's only in that defendant told where he had hidden the ring taken from victim, which he was to sell and split the proceeds

with Glasby. The ring was found exactly where defendant stated.

Defendant asserts the trial court erred in denying his motion to suppress his post-arrest statements because his warrantless arrest was illegal. For the arrest to be legal, the police needed probable cause to believe defendant had committed a felony. *State v. Fain,* 679 S.W.2d 419, 423 (Mo.App.1984). In this case, the police knew a murder had occurred, and there was good reason to believe two young black males were involved. Glasby confessed and implicated defendant, detailing their activities preceeding, during, and subsequent to the crime. These facts sufficiently established probable cause for defendant's arrest. *State v. Owens,* 486 S.W.2d 462, 465 (Mo.1972).

Defendant correctly asserts the trial court committed prejudicial error in submitting the verdict directing instruction on capital murder. Defendant was charged with acting with another. All the evidence showed Glasby shot, killed and robbed victim; the evidence showed defendant only aided Glasby. The instruction, however, which incorporated MAI–CR2d 2.12 disjunctively hypothesized "the defendant or Keith Glasby" killed victim.

> Where the evidence shows the conduct of the offense was committed entirely by someone other than the defendant and the sole basis for defendant's liability is his aiding the other person ... then all the elements of the offense should be ascribed to the other person ... and not to the defendant.

MAI–CR2d 2.12, Notes on Use 6(a). The state concedes error, arguing only the error was not prejudicial because there was no question but that Glasby killed victim and therefore the jury could not have been confused.

There was no evidence to support a submission hypothesizing defendant killed victim, but the first four paragraphs of the instruction hypothesized either defendant or Glasby shot with the necessary mental state. This instruction lacked necessary evidentiary support. *State v. Reed,* 670 S.W.2d 545, 547[1] (Mo.App.1984). Additionally, the prosecutor's final argument can be understood to invite speculation that, if Glasby, (who did not testify) had testified at trial, he would have accused defendant of shooting victim. We therefore cannot say there was no prejudice to defendant. *State v. Dickerson,* 649 S.W.2d 570, 572 (Mo.App.1983).

The judgment is reversed and remanded for a new trial.

DOWD, P.J., and CRANDALL, J., concur.