Debra Buie Arnold, St. Louis, for appellant.

William Webster, Atty. Gen., Leah A. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Defendant, Arthur Hamilton, was convicted by a jury on six counts of selling pentazocine, a Schedule IV controlled substance, pursuant to Section 195.240 RSMo (1978). Defendant was sentenced to ten years on each count, the sentences to run consecutively. We affirm.

Evidence adduced at trial shows that Gerald Leyshock, an undercover police officer, purchased pentazocine ("T's and Blues") a number of times in December of 1983 and January of 1984. At each purchase, Officer Leyshock drove up to the defendant and indicated he wished to purchase pentazocine. The defendant would then tell Officer Leyshock to circle the block while the defendant arranged the sale. Upon his return, Officer Leyshock would be approached by an acquaintance of

**STATE of Missouri, Respondent,**

v.

**Arthur HAMILTON, Appellant.**

**No. 49200.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 10, 1985.

Motion for Rehearing and/or Transfer Denied Jan. 14, 1986.

Application to Transfer Denied Feb. 18, 1986.

the defendant and exchange money for the drugs.

On this appeal, defendant alleges the trial court erred in submitting jury instructions on the issue of defendant's accountability for the actions of others, because a finding possibly made under the instructions lacked evidentiary support. Specifically, defendant claims that submission of the following instructions constituted error: INSTRUCTION NOs. [9][10][11][13][14][16]

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with him or her with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

As to (Count II) (Count III) (Count IV) (Count VI) (Count VII) (Count IX), if you find and believe from the evidence beyond a reasonable doubt:

First, that on (December 21, 1983) (December 23, 1983) (December 27, 1983) (January 6, 1984) (January 10, 1984) in the City of St. Louis, State of Missouri, *a person sold to Gerald Leyshock pentazocine, and*

*Second, that the defendant was aware of the character of the substance and knew that the person sold it,* then you are instructed that the offense of selling pentazocine has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Third, that with the purpose of promoting or furthering the commission of selling pentazocine, *the defendant aided or encouraged that person in committing that offense,* then you will find the defendant guilty under (Count II) (Count III) (Count IV) (Count VI) (Count VII) (Count IX) of selling pentazocine.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the propositions submitted in this instruction you must find the defendant not guilty of that offense. (Emphasis added.)

Defendant contends that these instructions, based upon MAI–CR 32.14 (as modified by MAI–CR 2.12), constitute error because they hypothesize that defendant actually sold the drugs. Defendant did not object to these instructions either at trial or on his motion for a new trial. Any objection to the instructions, therefore, has not been preserved for review, *State v. Babbitt,* 639 S.W.2d 196, 200 (Mo.App.1982), and can only be considered pursuant to Rule 29.12(b), the plain error rule. An instructional error does not rise to the level of plain error unless it has caused manifest injustice or a miscarriage of justice. *State v. Ealey,* 624 S.W.2d 465, 467 (Mo.App. 1981).

In support of his contention that the quoted instructions constitute plain error, defendant relies upon *State v. Scott,* 689 S.W.2d 758 (Mo.App.1985). In that case this court overturned a conviction because a jury instruction hypothesized disjunctively that "the defendant or Keith Glasby" killed the victim. In *Scott,* as in the instant case, the evidence did not support a finding that the defendant actually performed the act that constituted the crime. Accordingly, this court held in *Scott* that the instruction unfairly prejudiced the defendant.

In the instant case, however, the instructions did not hypothesize that defendant sold the drugs to Officer Leyshock, but rather that "a person" made the sale and that defendant was aware of the character of the substance sold and knew that the person sold it. The instant case is thus distinguishable from *Scott* because defendant was not specifically mentioned in the instructions referring to the commission of the offense.

We agree with defendant's assertion that the challenged instructions could have stated more clearly that defendant was not the person who sold the drugs. For example, the instructions could have provided that "a person other than the defendant" sold pentazocine. Considered in their entirety, however, the instructions as submitted remain sufficiently clear. The fourth paragraph of the challenged instructions (quot-

ed above) hypothesizes that "the defendant was aware of the character of the substance and knew that the person sold it." This language draws a definite distinction between defendant and "the person" who sold the drugs. Similarly, the sixth paragraph hypothesizes that "the defendant aided or encouraged *that person* in committing that offense." (Emphasis added.) Viewing these instructions as a whole, their submission to the jury does not rise to the level of manifest injustice, and thus does not constitute plain error.

Judgment affirmed.

KAROHL, P.J., and SIMON, J., concur.