Thomas Henry **BATTLE,** Appellant,

v.

**STATE of Missouri, Respondent.**

No. 53105.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 29, 1987.

Motion for Rehearing and/or Transfer
Denied Feb. 4, 1988.

Application to Transfer Denied
March 15, 1988.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

KELLY, Judge.

Movant Thomas Battle appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted of capital murder after a jury trial and sentenced to death. His conviction was affirmed on direct appeal by the Missouri Supreme Court in *State v. Battle,* 661 S.W.2d 487 (Mo. banc 1983), *cert. denied,* 466 U.S. 993, 104 S.Ct. 2375, 80 L.Ed.2d 847 (1984), which contains a detailed discussion of the murder. Movant subsequently filed a pro se Rule 27.26 motion and counsel was appointed. Counsel then filed an amendment to the 27.26 motion, and an evidentiary hearing was held. In denying the motion, the court issued extensive findings of fact and conclusions of law.

On appeal, movant contends that his trial counsel was ineffective: (1) in failing to interview or call as a witness, Elroy Preston, who movant accused of committing the murder in question; (2) in failing to call as a witness codefendant Tracy Rowan; (3) in failing to locate or call as a witness Pearl Thompson, who allegedly was Elroy Preston's girlfriend; (4) in failing to call as a witness Charles Hall, who the police report indicates made statements suggesting that Elroy Preston was involved in the murder; and (5) in failing to obtain a saliva test of Elroy Preston. Appellant also asserts that he is entitled to a new trial on the basis of instructional error.

In order for movant to prevail on his claim that he was denied effective assistance of counsel he must demonstrate that

counsel "fail[ed] to exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances and that he was prejudiced thereby." *Seales v. State*, 580 S.W. 2d 733, 736[3] (Mo. banc 1979). Furthermore, "when a defendant challenges a death sentence ... the question is whether there is a reasonable probability that, absent the errors, the sentence ... would have concluded the balance of aggravating and mitigating circumstances did not warrant death." *Strickland v. Washington*, 466 U.S. 668, 695, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674, 698 (1984).

At the 27.26 motion hearing, there was testimony from the movant; Elroy Preston, who was convicted of one count of capital murder and one count of second degree murder in an unrelated case; Gregory Hill, an investigator employed by the Special Public Defender; Mary Elizabeth Dockery, an Assistant Public Defender currently representing Elroy Preston; and Mark Fredman, who represented movant at trial.

Attorney Fredman testified that he and the movant agreed that as a matter of trial strategy Elroy Preston would not be called as a witness. Fredman also decided not to obtain a saliva test of Elroy Preston because an adverse result would refute his client's only theory of innocence, while a favorable result would not conclusively determine that Preston committed the murder. Fredman also testified that he personally interviewed movant's codefendant, Tracy Rowan, and concluded from their conversation that Rowan would not admit to his involvement in the murder on the witness stand and therefore calling him as a witness would not fit into movant's theory of defense. Fredman further testified that he did not present as a defense witness Pearl Thompson because he had never heard of her before or during trial, and had no record of her name in his files.

Elroy Preston, movant's fellow inmate who currently resides on death row, testified on behalf of the movant. He said that he committed the murder with Tracy Rowan and that the movant was not involved in the crime. Preston further testified that he had known for 5 years after movant's trial that he was innocent, however, because the movant owed him $35.00 he remained silent while the movant was tried and convicted for capital murder and sentenced to death.

Appellant's first four points concern his trial counsel's failure to present witnesses Elroy Preston, Tracy Rowan, Pearl Thompson and Charles Hall. We address each of appellant's contentions in turn.

Initially, appellant contends that his trial attorney denied him effective counsel by failing to interview and present as a defense witness Elroy Preston. Elroy Preston, who had initially been a suspect in the murder, told police that he, defendant, and Tracy Rowan had been out drinking for most of the evening on the night of the murder, but at approximately midnight Preston left and went to East St. Louis with some other friends.[1] To check Preston's alibi, officers contacted the appellant. Appellant initially claimed that he and Tracy Rowan had broken into the victim's home but that he had left and Rowan alone had committed the murder. Later, appellant admitted that he had not left and that both he and Rowan had repeatedly stabbed the victim, and that he himself had finally plunged a knife into the victim's face, just under her left eye. When questioned about Elroy Preston, appellant told police that Preston had been out drinking with Rowan that night but did not participate in or know about the murder. Police recorded defendant's incriminating statements and confession to the murder on a cassette tape. Appellant then repeated his admission on video tape.

Seven months after the cassette tape and video tape statements were made, attorney Fredman was appointed to represent appellant. Appellant then claimed for the first time that Elroy Preston had committed the

---

**1.** The police report indicated that Preston signed a consent form to allow the police to take his fingerprints. Preston's prints were different than those prints taken from the victim's residence. Additionally, the laboratory results indicated that Preston's shoes were not the same size and type as the print found in the victim's residence.

murder with Tracy Rowan and that he was not involved. It is important to note that since appellant's original denial that Preston was involved in the murder, Preston had been subsequently charged with two counts of murder in an unrelated case, in which he was represented by Christelle Adelman–Adler. Fredman spoke with Ms. Adelman–Adler, and she told Fredman that she would not allow her client to take the stand at appellant's trial and confess to committing a capital crime.

The record indicates that Fredman discussed with appellant the possibility of presenting Elroy Preston as a defense witness. Fredman decided that in defending the appellant he considered it better trial strategy to implicate Preston in the murder without actually calling him as a witness. Fredman expressed concern that Preston might either assert his Fifth Amendment rights or he might deny that he murdered the victim. Fredman indicated that he seriously doubted that Preston would confess to a capital murder on the witness stand. Pursuant to this strategy, Fredman and appellant both agreed not to call Elroy Preston as a witness.

■ We agree with the motion court's determination that defense counsel's decision not to interview Elroy Preston or call him as a witness was a matter of trial strategy. Defense counsel provided a reasonable basis for his strategy in not calling the witness and such a basis cannot render the assistance incompetent or ineffective. *See Guinan v. State,* 726 S.W.2d 754, 758[11] (Mo.App.1986); *Bolder v. State,* 712 S.W.2d 692, 694[1] (Mo.App.1986). Accordingly, appellant's first point is denied.

Appellant next contends that his trial attorney denied him effective counsel by failing to present as a defense witness codefendant Tracy Rowan.

Prior to trial, Fredman personally interviewed Rowan and concluded from that discussion that Rowan would not have testified that appellant was not present when the killing occurred. Therefore, Fredman decided not to call Rowan as a defense witness because Rowan's testimony would not fit into defendant's theory of defense.

Additionally, Fredman concluded that Rowan's attorney would not allow Rowan to incriminate himself at the trial of a codefendant. Fredman believed that Rowan would have simply denied any involvement in the crime or invoke his Fifth Amendment rights.

We rely on the recent Missouri Supreme Court decision of *Sanders v. State,* 738 S.W.2d 856 (Mo. banc 1987). The case at bar is strikingly similar to *Sanders.* In *Sanders,* the defendant testified that he asked his counsel to interview Denise Irona, his codefendant on the charge of robbery. Counsel interviewed Irona via the telephone, and concluded from their discussion that Irona would not have offered testimony to exonerate Sanders. Further, defense counsel believed that even if Irona did have information helpful to Sanders, Irona's attorney would not permit her to testify at Sanders' trial because her case was still pending. Based on these factors, defense counsel decided not to call Irona as a witness at Sanders' trial.

■ In rejecting defendant's claim that his counsel was ineffective by failing to call as a witness codefendant Denise Irona, the Supreme Court stated:

> [C]ounsel's decision in this case not to extensively question Irona in a formal interview was based on an unconfirmed belief that Irona either would not provide testimony helpful to Sanders or would not be permitted by her lawyer to testify. This belief by counsel ... was reasonable under the circumstances and was not clearly beyond the bounds of prevailing professional norms. Given the apparent hostility existing between Sanders and Irona, it was not unreasonable for counsel to think that Irona would not offer testimony which would aid Sanders. Given that Irona's own trial was still pending, counsel's belief that her lawyer would not allow her to testify at Sanders' trial was also not unreasonable.

*Sanders,* 738 S.W.2d at 860.

In the instant case, attorney Fredman's decision not to present as a defense witness codefendant Tracy Rowan was a matter of

trial strategy and within his professional judgment. The determination of which witnesses to call and how best to defend the case is a matter of trial strategy. *See Holzer v. State,* 680 S.W.2d 764, 767[7] (Mo.App.1984).

■ Moreover, movant has provided no evidence at the motion hearing which would show that codefendant Tracy Rowan would have testified favorably to his defense. "The movant has the burden of proving that the witnesses' 'testimony would have provided a viable defense.'" *Simons v. State,* 719 S.W.2d 479, 480[1] (Mo.App.1986); *Franklin v. State,* 655 S.W.2d 561, 566[15] (Mo.App.1983).

We do not find that the trial counsel's action in failing to present as a defense witness codefendant Tracy Rowen in any way provides a basis for an ineffective assistance of counsel claim. Point denied.

Appellant next argues that his attorney failed to locate and present defense witness Pearl Thompson. Appellant testified at the evidentiary hearing that Pearl lived down the street from his house. Appellant further testified that he knew of Thompson, but did not know that she had information which would be favorable to his defense until after his conviction and sentence, and therefore he did not give her name to Fredman. Appellant alleged that while on death row he read a detective magazine which quoted several of the detectives working on appellant's case. This magazine allegedly indicated that the detectives first learned of Elroy Preston through Pearl.

Movant's trial counsel testified at the motion hearing that he did not recall her name and had no record of her name in his files. This was confirmed by appellant's own testimony.

Appellant claims, however, that Fredman should have known of Pearl Thompson from the police report. We have reviewed the police report and find that the report does contain two references to "Pearl." The first reference does not include her last name, and the other statement refers to a Pearl *Jeffrey.*

■ Having never given the name of Pearl Thompson to his attorney, and in the absence of any other information which would have called that name to counsel's attention, appellant's claim is without merit. *See Mullen v. State,* 678 S.W.2d 1, 1[1] (Mo.App.1984).

Appellant next contends that his trial counsel was ineffective for failing to investigate a defense witness Charles Hall.

■ We note at the outset that appellant raises this point for the first time on appeal. Neither appellant's original nor amended Rule 27.26 motions address this issue, nor was it raised at any time during his evidentiary hearing. Claims which are not raised in a Rule 27.26 motion, or presented and tried by implicit consent of the parties in the evidentiary hearing, cannot be reviewed for the first time on appeal. *Mallet v. State,* 716 S.W.2d 902, 905[1] (Mo.App.1986); *Walker v. State,* 715 S.W.2d 261, 262[1] (Mo.App.1986); *Williams v. State,* 712 S.W.2d 404, 411[13] (Mo.App.1986). Accordingly, we decline further review.

Appellant next contends that the trial court erred by refusing to submit movant's requested instruction on the defense of diminished capacity as a result of voluntary intoxication.

We initially note that claims of instructional error are generally not cognizable in Rule 27.26 proceedings. *Newlon v. State,* 705 S.W.2d 590, 903[7] (Mo.App.1986); *Brager v. State,* 625 S.W.2d 892, 895[8] (Mo.App.1981).

The state argues that movant's claim is not cognizable herein because it should have been presented on direct appeal from movant's conviction. *See McCrary v. State,* 529 S.W.2d 467, 472[6] (Mo.App. 1975). Alternatively, the state argues that even if movant's claim is cognizable, it is nonetheless without merit because the movant was not prejudiced. We agree.

■ Under the defense of diminished capacity as a result of voluntary intoxication, § 562.076 RSMo 1978 (amended 1983), the submission of the defense is unwarranted where the defendant is able to recount in some detail the events at the time of the crime. *State v. Helm,* 624 S.W.2d 513, 517[14] (Mo.App.1981); *State v. Bienkowski,* 624 S.W.2d 107, 108[3] (Mo.App.1981).

We quote the pertinent parts of the psychiatric examination conducted by S.D. Parwatikar, M.D., Forensic consultant, ordered by the Circuit Court.

At the time of the alleged offense, in spite of Mr. Battle's description of the events leading up to his arrests, indicates intoxication with alcohol and drugs, *he is capable of recalling almost every detail on that particular night and vehemently denies that his drinking or drug ingestion had anything to do with the crime itself.* He claims no amnesia or incapability to control his behavior because of such activity. Thus, it can be stated that he was appreciative of his wrongfulness at the time of the alleged crime if he indeed acted in such fashion. (emphasis added).

The police report also contains statements made by the appellant to the police which describe in detail how he and Tracy Rowan raped, beat, and repeatedly stabbed the eighty year old victim.

We find that the evidence did not support an instruction on the defense of diminished capacity as a result of voluntary intoxication. Accordingly, appellant's point is denied.

Appellant finally contends that his trial attorney denied him effective counsel by failing to obtain a saliva test of Elroy Preston.

Appellant's theory of defense was that Preston or Rowan or both committed the rape and the murder. Fredman explained at the motion hearing that he decided not to obtain a saliva test of Preston because an adverse result would refute his client's only theory of innocence. A favorable result would not exonerate appellant—it would only make Preston a possible suspect in the murder. We find that Fredman's decision not to test Preston was reasonable trial strategy.

We note that appellant failed to test Preston in his 27.26 proceeding. Appellant has not offered any evidence as to the blood type and secretion factor of Elroy Preston. To support a claim of ineffectiveness, appellant was required to show that the omitted evidence would have proven

helpful to the defense. *Sanders v. State, supra,* at 861. Absent a showing of actual prejudice to appellant, we do not question the trial strategy of counsel. Point denied.

A thorough review of the record indicates the motion court carefully examined each of appellant's contentions in its eleven page findings of fact and conclusions of law. We find no error in the motion court's finding that movant failed to overcome the presumption of competency of trial counsel, and finding that "[t]he defendant has failed to sustain his burden of proof, he has not shown that trial counsel failed to investigate for trial, further he has not shown that there were facts and circumstances that could have been shown and established to provide a defense at his trial but for the failure of his trial counsel." *Owens v. State,* 543 S.W.2d 810 (Mo. App.1976); *McLallan v. State,* 543 S.W.2d 813 (Mo.App.1976); and *Stewart v. State,* 542 S.W.2d 544 (Mo.App.1976).

Judgment affirmed.

KAROHL, P.J., and SMITH, J., concur.