Clarence WILLIAMS,
Defendant–Appellant,

v.

STATE of Missouri,
Plaintiff–Respondent.

No. 54049.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Ilene A. Goodman, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Clarence Williams appeals denial of post conviction relief under Rule 27.26. He was convicted of robbery in violation of § 569.020 RSMo 1979, sodomy in violation of § 566.060 RSMo 1979, rape in violation of § 566.030 RSMo 1979, and kidnapping in violation of § 565.110 RSMo 1979. We affirmed the convictions on direct appeal, *State v. Williams*, 630 S.W.2d 117 (Mo. App.1981). Movant was sentenced to forty four (44) years imprisonment. He filed a pro se motion to vacate judgment and sentence, which was amended by counsel. The motion court held an evidentiary hearing and entered findings of fact and conclusions of law denying relief. We affirm.

Movant's sole issue on appeal is that the motion court erred in denying his Rule 27.26 motion. Movant contends he was denied effective assistance of counsel because his attorney failed to locate and present an alibi witness, Ms. Jean Hitt. Our review is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. *Perkins–Bey v. State*, 735 S.W.2d 170, 171 (Mo.App. 1987); Rule 27.26(j).

In order to establish ineffective assistance of counsel, movant must show that his attorney's performance did not conform to the care, skill and diligence of a reasonably competent lawyer rendering similar services under the existing circumstances. *Seales v. State*, 580 S.W.2d 733, 735[3] (Mo. banc 1979). In addition, movant must show that he was prejudiced by his attorney's conduct. *Strickland v. Washington*, 466 U.S. 668, 693[15], 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). Thus, movant was required to prove that his attorney could have located the witness through reasonable investigation; that she would have testified; and that her testimony would have provided a viable defense. *Hogshooter v. State*, 681 S.W.2d 20, 21[1,2] (Mo.App. 1984).

The motion court found in its findings of fact and conclusions of law that movant had informed his attorney he had two alibi witnesses, Ms. Jean Hitt and Mr. Ronald Brown, who would testify on his behalf concerning the kidnapping charge. According to counsel's testimony, counsel contacted both Hitt and Brown by telephone, and both Hitt and Brown categorically refused to substantiate movant's alleged alibi and both refused to cooperate with movant's counsel. Counsel subpoened Hitt, despite her refusal to co-operate, and the subpoenas were returned non est. Moreover, movant failed to adduce testimony of any request to trial counsel for additional investigation.

Movant failed to prove that his attorney should have investigated further to locate the witness, or that he was prejudiced by his attorney's failure to locate the witness. Review of the record indicates the motion court carefully examined movant's contention in its findings of fact and conclusions of law. We find no error in the motion court's finding that movant failed to prove ineffective assistance of counsel and that "counsel's pre-trial preparation was diligent and commendably thorough in every respect." *Battle v. State*, 745 S.W.2d 730, 735[8] (Mov.App.1987); *Owens v. State*, 543 S.W.2d 810 (Mo.App.1976); *McLallen v. State*, 543 S.W.2d 813 (Mo.App.1976); and *Stewart v. State*, 542 S.W.2d 544 (Mo. App.1976).

Judgment affirmed.

PUDLOWSKI, C.J., and CARL R. GAERTNER, J., concur.