Angelo HUGHES, Appellant,

v.

STATE of Missouri, Respondent.

No. 56242.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 24, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 1989.

**358**

Christopher E. McGraugh, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Angelo Hughes, appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. Movant was convicted by a jury of first degree murder for which he was sentenced to life imprisonment. This court affirmed the conviction on direct appeal. *State v. Hughes*, 594 S.W.2d 630 (Mo.App., E.D.1980). In his Rule 27.26 motion, movant raised several claims, including a claim that the indictment was a nullity because it was based on a repealed statute. At the evidentiary hearing, movant waived all of his claims except for the claim that the indictment was a nullity. On appeal, movant argues that the motion court's findings and conclusions were clearly erroneous. We affirm.

This court's determination in a Rule 27.26 case is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 27.26(j). The motion court's findings and conclusions are clearly erroneous if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richard-*son v. State, 719 S.W.2d 912, 915 (Mo.App., E.D.1986). We will now evaluate movant's claims according to these principles.

Movant was indicted under RSMo § 559.010 (1969) for first degree murder. This statute states:

> 559.010. Murder in the first degree. Every murder which shall be committed by means of poison, or while lying in wait, or by any other kind of willful, deliberate and premeditated killing, and every homicide which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary or mayhem, shall be deemed murder in the first degree.

At the time of movant's crime, however, § 559.010 had been replaced by two statutes, RSMo § 565.001 (1978), capital murder and RSMo § 565.003 (1978), first degree murder. These statutes stated:

> 565.001. Capital murder defined. Any person who unlawfully, willfully, knowingly, deliberately, and with premeditation kills or causes the killing of another human being is guilty of the offense of capital murder.

> 565.003. First degree murder defined. Any person who unlawfully kills another human being without a premeditated intent to cause the death of a particular individual is guilty of the offense of first degree murder if the killing was committed in the perpetration of or in the attempt to perpetrate arson, rape, robbery, burglary, or kidnapping.

The indictment stated, in relevant part that:

> On or about the 27th day of January, 1978, the defendant willfully, unlawfully and feloniously, acting with others, did participate in the commission of a felony, to wit: Robbery First Degree By Force and Violence, and in the course thereof did premeditatively, deliberately, and of his malice aforethought did make an assault upon Shirley Green, hereinafter referred to as victim, with a loaded gun, and then and there feloniously, willfully, premeditatedly, deliberately, and of his malice aforethought did discharge and shoot said gun at and upon the body of

the said victim thereby feloniously inflicting a mortal wound upon the said victim from which mortal wound the victim did die on January 27, 1978;

Movant argues that the indictment was fatally defective because it charged him under a repealed statute. An indictment or information is not necessarily insufficient simply because statutory references are omitted or the wrong statute cited. *State v. LaPlant*, 673 S.W.2d 782 (Mo. banc 1984). The test for the sufficiency of an indictment is rather "whether it contains all essential elements of the offense as set out in the statute [creating the offense] and clearly apprises defendant of facts constituting the offense". *State v. O'Connell*, 726 S.W.2d 742, 746 (Mo. banc 1987); *State v. Brown*, 660 S.W.2d 694, 698 (Mo. banc 1983); RSMo § 545.030 (1986).

Movant's indictment was designated as charging "Murder First Degree (Felony Murder)". Under RSMo § 565.003, this required that the indictment allege a "killing was committed in the perpetration of or in the attempt to perpetrate arson, rape, robbery, burglary, or kidnapping". The present indictment alleges that, in the course of a robbery, Shirley Green was killed. The movant was thus, fully apprised of the charges against him and was not prejudiced.

■ Movant next claims that his counsel was ineffective for not objecting to his being charged under a repealed statute. Movant's claim, however, is not cognizable on this appeal. The issue of his counsel's ineffectiveness was not presented to the motion court in his Rule 27.26 motion and, therefore, cannot be reviewed for the first time on this appeal. *Battle v. State*, 745 S.W.2d 730, 734 (Mo.App., E.D.1987), *cert. denied*, —— U.S. ——, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988).

Affirmed.

REINHARD and CRIST, JJ., concur.