William J. WIRTH, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 43740.

Missouri Court of Appeals, Western District.

May 7, 1991.

See also 715 S.W.2d 4.

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and FENNER, JJ.

PER CURIAM.

This is an appeal from the denial, following an evidentiary hearing, of appellant's Rule 27.26 motion for post-conviction relief. Appellant contends that his nine hundred ninety-nine year sentences for rape and sodomy violate his constitutional rights against cruel and unusual punishment.

The appeal is dismissed.

Appellant was convicted of capital murder, § 565.001, RSMo 1978, forcible rape, § 566.030, RSMo Supp.1980, and forcible sodomy, § 566.060, RSMo Supp.1980. He was sentenced to life imprisonment without parole for fifty years on the capital murder charge and was sentenced to nine hundred ninety-nine year terms of imprisonment on the other two charges, with the sentences to run consecutively.

Following his convictions, appellant filed pro se and amended Rule 27.26 motions, alleging various instances of ineffective assistance of counsel. At the evidentiary hearing, appellant attempted to introduce a new constitutional claim for relief:

APPELLANT'S COUNSEL: The one point which does not allege ineffective assistance of counsel is the argument of the—Well, really a constitutional argument of cruel and unusual punishment with regards to the 999 years. I don't know that the Court uses that argument, but it's a violation of his constitutional right to impose such a sentence.

PROSECUTOR: Your Honor, I would object to the argument relating to that. This has not been brought up in either the motion or the amended motion. Cruel and unusual punishment has not been addressed at all, and any argument relating thereto is irrelevant.

The state's objection was sustained by the motion court. Following the hearing, the motion court denied appellant's Rule 27.26 claim for relief.

As his sole point on appeal, appellant reasserts his claim that his nine hundred ninety-nine year sentences for rape and sodomy violate his constitutional rights against cruel and unusual punishment. Therefore, he argues, the motion court erred in denying his claim for post-conviction relief.

However, appellant's claim is not properly before this court for review. Claims which are not raised in a Rule 27.26 motion, or presented and tried by implicit consent of the parties in the evidentiary hearing, cannot be reviewed for the first time on appeal. *Battle v. State*, 745 S.W.2d 730, 734 (Mo.App.1987), cert. denied, 488 U.S.

871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988). In the case at bar, appellant failed to include his claim of cruel and unusual punishment in either his pro se or amended Rule 27.26 motions, and the state gave neither implicit nor explicit consent to the litigation of the issue at the evidentiary hearing.

Accordingly, the appeal is dismissed.

All concur.