STATE of Missouri, Respondent,

v.

Charles DOTSON, Appellant.

No. WD 33035.

Missouri Court of Appeals,
Western District.

June 8, 1982.

William F. Ringer, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and PRITCH-ARD and DIXON, JJ.

SHANGLER, Presiding Judge.

The defendant was convicted by a jury of the sale of marihuana and sentenced to a term of five years. §§ 195.020 and 195.-200.1(4), RSMo 1978. The information charged that the defendant aided and abetted in the commission of the offense [§ 562.041] and the instruction to the jury submitted that theory of offense [MAI–CR2d 2.12]. The defendant contends on appeal that there was not sufficient evidence to convict.

The testimony most favorable to conviction was that undercover officer Cox and an informant went to a Jefferson City tavern. They sat down at the bar and then the informant alone went over to a table at the other end where the defendant and others were seated. The informant engaged the defendant and others in conversation, and he then rejoined officer Cox. The defendant and another then came over to the table where officer Cox and the informant were seated and the defendant said to them: "If you want the pot, follow us outside." The defendant and the other went out and Cox and the informant followed. Outside, they were led to a Torino station wagon which the companion of the defendant opened, reached into the back seat and produced a plastic bag of plant material, gave it to the informant who then handed him $40, then officer Cox handed him another $40 and the companion reached in for another bag of plant material and gave it to the officer. The plant substance proved to be marihuana. The defendant did not participate in the physical exchange of the marihuana nor of the money.

The defendant contends that the evidence shows only presence at the scene of the crime but no participation. While presence alone does not prove an aider and abettment, when a person present at the commission of the offense shows by some affirmative participation that the crime is

an enterprise he wishes to bring about, he becomes an aider and abettor. *State v. Castaldi*, 386 S.W.2d 392, 395[3] (Mo.1965). The evidence that the defendant was in the company of the eventual seller of the contraband at the outset of transaction, then directed the eventual purchasers of the contraband: "If you want the pot, follow *us* outside" [emphasis added], and then remained in the physical presence of the active actors until after the consummation of the exchanges, proves that he consciously assisted and encouraged the commission of the crime.

The judgment is affirmed.

All concur.