STATE of Missouri, Respondent,

v.

Reginald CARR, Appellant.

No. 46010.

Missouri Court of Appeals,
Eastern District, Division Three.

Aug. 16, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied Oct. 4, 1983.

Application to Transfer Denied
Nov. 22, 1983.

Reginald S. Carr, Joseph W. Downey, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction on two counts of first degree robbery, the jury finding him criminally responsible for the acts of one J.D. Williams in robbing victims husband and wife. Sections 562.-041.1(2) and 569.020. The trial court sentenced defendant as a persistent offender to two 25 year concurrent terms of imprisonment. We affirm.

Defendant challenges the sufficiency of the circumstantial evidence supporting his criminal responsibility for J.D. Williams' acts. The state was required to prove beyond a reasonable doubt that defendant, either before or during the commission of

276 ∎

the robberies, with the purpose of promoting their commission, aided, agreed, or attempted to aid J.D. Williams in planning or committing the offenses. Section 562.-041.1(2). See, *State v. Gallimore,* 633 S.W.2d 232, 237 (Mo.App.1982).

Near midnight on June 8, 1981, J.D. Williams came behind victims as they walked to their car from work and told them to "freeze." As they turned to face Williams, they saw Williams had a pistol aimed at them. Williams took wife's wallet from her purse along with the couple's watches and cash from the husband. As the robber fled, husband flagged down a police motorcycle patrolman, explained a robbery had occurred, and described the perpetrator.

While husband was speaking, the officer observed a man fitting the robber's description running near the end of the city block and turn left. The officer, following on his motorcycle, made the left hand turn and saw a car backing out from a parking space on the street. The officer blocked the car's progress with his motorcycle and observed Williams crouched on the front floor of the passenger side perspiring and breathing heavily. Defendant was at the wheel. Williams' and defendant's arrest took place approximately 100 to 150 feet from the scene of the robbery.

A search revealed Williams had possession of a gun and the money taken from husband and wife. Husband's watch was found inside defendant's shoe and wife's watch was on the drive shaft tunnel in the front seat. Wife's wallet was found discarded near the car.

∎ The state makes a submissible circumstantial case when the circumstances, viewed in the light most favorable to the verdict, are consistent with each other and with defendant's guilt and inconsistent with a reasonable hypothesis of innocence. The circumstances need not be absolutely conclusive of guilt nor demonstrate the impossibility of innocence. *State v. Franco,* 544 S.W.2d 533, 534 (Mo. banc 1976), *cert. denied,* 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977); *State v. Harris,* 602 S.W.2d 840 (Mo.App.1980).

∎ Evidence indicating affirmative advancement of the criminal enterprise includes presence at or near the scene of the crime, flight, and association with others involved in the offense before and after the crime is committed. *State v. Lyell,* 634 S.W.2d 239, 241 (Mo.App.1982). Possession of recently stolen property is a circumstance from which guilt may be concluded. *Id.*

∎ In the present case, defendant was found within 150 feet of the scene of the robbery. When discovered, defendant was attempting to flee the location while hiding the active participant on the floor of the car he was driving. Stolen property was found concealed on his person and on the floor of the car over which he had control. Such circumstances were sufficient for the jury to infer defendant and Williams planned defendant to be the "getaway" car driver and therefore sufficient to prove defendant aided Williams with the purpose of promoting the robberies.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.