**STATE of Missouri, Respondent,**

v.

**Kenneth D. TERNETZ, Appellant.**

**No. 52559.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 1, 1987.

James A. Blackwell, St. Charles, for appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant Kenneth D. Ternetz appeals from a jury conviction for two counts of acting with another in the sale of marijuana, RSMo § 195.020 (1986), for which he was sentenced as a prior offender to two concurrent ten year terms of imprisonment. Defendant raises two points on appeal. He alleges that the evidence was insufficient to support a guilty verdict. He also argues that the prosecutor's comments during closing argument were improper. Finding defendant's contentions to be without merit, we affirm.

The evidence shows that on May 22, 1985, undercover Police Officer Gentry went to the apartment of defendant and defendant's wife. Defendant's wife answered the door and let the officer into the residence. She informed the officer, in defendant's presence, that she could obtain an ounce of marijuana for him at a cost of seventy dollars. Officer Gentry testified that defendant then told him, "The guy

with the pot is on the way over. He should be here any time." Rather than wait, however, the officer left. Approximately twenty minutes later, Officer Gentry telephoned the apartment; defendant answered and informed him, "The pot arrived right after you left. There's a bag waiting for you here right now." Officer Gentry returned to the apartment, where the exchange of money occurred between him and defendant's wife. As the transaction was taking place, Officer Gentry testified that defendant commented that there was "a good weight to the bag. It was a good sized bag, I was getting my money's worth." Defendant and his wife denied that defendant and Officer Gentry engaged in any conversation on May 22, 1985. Further, defendant's wife stated that her husband was opposed to her drug dealings.

Officer Gentry also testified to an occurrence on May 30, 1985. On that date he telephoned defendant's apartment and defendant's wife answered, informing the officer that she could get him more marijuana as soon as defendant returned home. Officer Gentry called back; this time, defendant answered the phone. Defendant told the officer that he could obtain another ounce of marijuana for him. Officer Gentry then went to the apartment and defendant let him in. Defendant proceeded to tell his wife that Officer Gentry wanted more marijuana. The exchange took place between Officer Gentry and defendant's wife. Defendant and his wife denied that any conversation took place between defendant and Officer Gentry on May 30, 1985, or that defendant was in any manner involved in the drug transaction.

During closing argument, the prosecutor made the following remarks:

> And that's very important, that you understand *reasonable doubt*. It's defined for you in the instructions, but believe me, that *does not mean all doubt....* *In determining the reasonable doubt, use common sense,* your everyday life experience.... Just use your common sense that's inside you in determining whether there is a reasonable doubt here.

(emphasis added).

In his first point, defendant asserts that there was insufficient evidence to support a guilty verdict. Initially, we note that it is not this court's role to weigh the evidence; rather, it is the jury's function to determine beyond a reasonable doubt whether the defendant is guilty of the offenses charged. *State v. Brown,* 660 S.W.2d 694, 698 (Mo. banc 1983). The sole question on appeal is whether the evidence, when viewed in the light most favorable to the State, is sufficient to support the verdict. *Id.* at 699.

In the present case, evidence fairly showing any form of affirmative participation in the marijuana sales is sufficient to support defendant's conviction. *State v. Schlagel,* 490 S.W.2d 81, 84 (Mo.1973). When one present at the commission of an offense shows by some affirmative participation that the crime is an enterprise he wishes to bring about, he becomes an aider and abettor. *State v. Dotson,* 635 S.W.2d 373, 373–74 (Mo.App., W.D.1982). In *Dotson,* defendant's conviction for assisting in the sale of marijuana was upheld though he did not participate in the physical exchange of the marijuana or the money. *Id.* at 373.

Defendant's presence in the vicinity of the offenses may be considered with other incriminating evidence in order to decide whether the total circumstances raise an inference that he participated in the crimes. *State v. Counts,* 671 S.W.2d 818, 820 (Mo. App., E.D.1984). Such other incriminating evidence, which would indicate the affirmative advancement of a criminal enterprise, includes association with others involved in the offense before and after the crime's commission. *State v. Carr,* 659 S.W.2d 275, 276 (Mo.App., E.D.1983). In the case at bar, there is abundant evidence which fairly shows defendant's affirmative participation in the offenses: Defendant was present when the marijuana sales occurred; defendant spoke on the telephone several times with Officer Gentry in order to arrange the sales; and defendant allowed the officer into the apartment, fully cognizant that he was entering for the purpose of purchasing marijuana. This point is denied.

Defendant also contends the trial court erred in overruling his objection to the prosecutor's closing argument. On appeal, this court recognizes that the trial court is vested with broad discretion in controlling closing argument, with counsel to be accorded wide latitude in his summation. *State v. Newlon*, 627 S.W.2d 606, 616 (Mo. banc), *cert. denied*, 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982). We will not reverse a conviction on the grounds of improper argument unless it is established that the complained of comments had a decisive effect on the jury's verdict. *Id.*

It is not error for counsel to merely refer to or discuss reasonable doubt. *State v. Babbitt*, 639 S.W.2d 196, 199 (Mo.App., E.D.1982). We hold the prosecutor's comments in the case before us constituted a permissible discussion of reasonable doubt. For, it was not erroneous for the prosecutor to point out to the jury that reasonable doubt "does not mean all doubt." *State v. Wilbon*, 561 S.W.2d 133, 134 (Mo.App., E.D.1978). Some slight doubt about an issue is not necessarily a reasonable doubt. *Id.* Further, it was not impermissible for the prosecutor to argue that the jury should "use [its] common sense ... in determining whether there is a reasonable doubt." *State v. Overkamp*, 646 S.W.2d 733, 738 (Mo.1983). In *Overkamp*, the court allowed the following as a proper discussion of reasonable doubt: "Reasonable is what the twelve of you determine is reasonable and you can apply your common sense to that.... Apply common sense to the facts in this case and determine what's reasonable or not." *Id. See also State v. Gay*, 629 S.W.2d 470, 474 (Mo.App., E.D. 1981) (holding that the prosecutor's comment "to use your common sense" did not give rise to error). We have examined *State v. Williams*, 659 S.W.2d 778, 781–82 (Mo. banc 1983), and find that it is not controlling; the prosecutor's comments in *Williams* instructed the jury, in effect, to disregard reasonable doubt as the burden of proof and, instead, substitute common sense. *Id.* This point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.