**STATE of Missouri, Respondent,**

v.

**Andrew E. PUIG, Appellant.**

No. 23541.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 30, 2001.

Motion for Rehearing or Transfer to Supreme Court Denied Feb. 15, 2001.

Application for Transfer Denied
March 20, 2001.

Kent Denzel, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan K. Glass, Asst. Atty. Gen., Jefferson City, for Respondent.

MONTGOMERY, Judge.

In this jury-tried case, Andrew E. Puig (Defendant) was found guilty of sale of a controlled substance in violation of § 195.211.[1] Defendant was sentenced to twelve years' imprisonment in the department of corrections. Defendant appeals his conviction asserting three points of error.

Defendant's first point relied on disputes the sufficiency of the evidence to sustain his conviction. Viewed in the light most favorable to the verdict, the following evidence was adduced at trial.

On April 17, 1998, Sandra North, an undercover officer with the Lake Area Narcotics Enforcement Group, went with a confidential informant to the Dixie Trailer Court in Greenview, Missouri. The informant had advised Officer North that certain people in the trailer park might have marijuana available for sale. Eventually they went to the trailer occupied by Hans Anderson.

Upon arrival, the informant advised Officer North that Defendant's pickup truck was parked outside. After knocking on the door, Officer North and the informant were admitted inside. There, they observed Anderson, his wife Cleo, and the Defendant. After introductions and some general conversation, the informant announced that they were there to buy some marijuana. Defendant told Officer North that he did not have any for sale. Anderson stated that he did have some for sale. The price was discussed, and Anderson agreed to sell Officer North a quarter of an ounce of marijuana for the price of $45. Defendant was present during these negotiations.

Anderson stated that he needed his scale because he did not know whether he would be able to estimate a quarter of an ounce. He directed Defendant to retrieve Anderson's scale out of Defendant's pickup truck and the Defendant left the trailer. Defendant returned within a minute and gave Anderson a "finger" scale.[2] Anderson measured out the appropriate

---

1. Statutory references are to RSMo 1994 unless otherwise indicated.

2. A "finger" scale is a scale used by drug dealers to measure amounts of marijuana. This type of scale also has legitimate uses.

amount of marijuana, and Officer North paid the agreed price. The substance Officer North purchased was 8.2 grams of marijuana.

Defendant's first point alleges that the State's evidence was insufficient to convict him for selling marijuana or that he acted with or aided Hans Anderson. Defendant alleges the evidence revealed that Anderson committed all acts relating to the sale of marijuana and that Defendant merely returned Anderson's scale when he was requested to do so.

■ In reviewing the sufficiency of the evidence to sustain a criminal conviction, we accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989). Our review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.* "The reliability, credibility and weight of the witnesses' testimony is for the jury to determine." *State v. Idlebird,* 896 S.W.2d 656, 661 (Mo.App.1995).

Although charged as a principal in violating § 195.211, the verdict directing instruction was submitted under a theory of accomplice liability, i.e., Defendant aided or acted together with Anderson in making the sale. Section 562.041 provides:

> 1. A person is criminally responsible for the conduct of another when
>
> . . . .
>
> (2) Either before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense.

■ All persons who act in concert to commit a crime are equally guilty. *State v. Martin,* 971 S.W.2d 904, 907 (Mo.App. 1998). There must be some evidence de-

fendant associated himself with the crime in some manner, but the state need not show defendant personally committed every element of the crime; mere encouragement is enough. *State v. Chambers,* 998 S.W.2d 85, 90–91 (Mo.App.1999). "[A]ny evidence that shows affirmative participation in aiding the principal to commit the crime is sufficient to support a conviction." *State v. Clay,* 975 S.W.2d 121, 139 (Mo. banc), *cert. denied,* 525 U.S. 1085, 119 S.Ct. 834, 142 L.Ed.2d 690 (1999).

■ Defendant argues he did not aid Anderson in making the drug sale by retrieving and returning the scale to him. Defendant asserts that the use of the scale in completing the sale was only an incidental consequence of returning that scale. Defendant further suggests that the State's evidence fails to show that he had the "purpose of promoting the commission of an offense" under § 562.041. However, Defendant presents no case law in support of these conclusions.

■ While Defendant's conclusions are thought provoking, they remain unsupported by citation to relevant legal authority. We are allowed to consider a point abandoned when an appellant fails to support a contention with relevant case law or argument beyond conclusions. *State v. Perry,* 954 S.W.2d 554, 570 (Mo.App.1997). However, we are able to respond to Defendant's point based on our own research.

In *State v. Dotson,* 635 S.W.2d 373 (Mo. App.1982), a jury convicted the defendant of selling marijuana. On appeal, defendant claimed the evidence was insufficient to convict him because he was only present during the sale and did not participate in it. The evidence showed that an undercover agent and his informant met the defendant and his companion in a bar in Jefferson City. Defendant said, "If you want the pot, follow us outside." All four of them went outside where defendant's companion sold marijuana to the undercover officer. Defendant did not participate

in the physical exchange of the marijuana nor of the money.

In rejecting defendant's claim of error, the appellate court said:

> While presence alone does not prove an aider and abettment, when a person present at the commission of the offense shows by some affirmative participation that the crime is an enterprise he wishes to bring about, he becomes an aider and abettor. *State v. Castaldi*, 386 S.W.2d 392, 395[3] (Mo.1965). The evidence that the defendant was in the company of the eventual seller of the contraband at the outset of transaction, then directed the eventual purchasers of the contraband: "If you want the pot, follow *us* outside." [emphasis added], and then remained in the physical presence of the active actors until after the consummation of the exchanges, proves that he consciously assisted and encouraged the commission of the crime.

*Id.* at 373–74.

We see little difference between the instant facts and those in *Dotson*. While the instant Defendant, like the defendant in *Dotson*, did not participate in the physical exchange of the money and the marijuana, he did aid Anderson by providing him with the scale which appeared necessary to consummate the transaction. Clearly, Anderson indicated he needed the scale to weigh the proper amount of marijuana he agreed to sell. Defendant was present throughout the sale negotiations and knew that Anderson needed to accurately weigh the marijuana in order to make the sale. Defendant encouraged the sale by providing an instrument necessary to complete the transaction.

In *Dotson*, the defendant encouraged the sale only by his words and presence at the crime scene. If anything, Defendant's participation in this case aided the sale to a greater degree than the defendant's words in *Dotson*. Based on *Dotson*, we conclude that the evidence was sufficient to prove that Defendant consciously aided and encouraged the sale of marijuana. Point I is denied.

■ Defendant's next point alleges the trial court erred in instructing the jury in the disjunctive in Instruction No. 5 because there was not evidence to support both alternatives. Specifically, Defendant alleges that "Instruction No. 5 alleged that [Defendant] 'acted together with or aided' Hans Christian Anderson in selling marijuana though there was no evidence that [Defendant] acted together with Mr. Anderson to commit any 'conduct elements' of the offense."

The verdict director was submitted to the jury in the following form:

Instruction No. 5

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with the other person with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about April 17, 1998, in the County of Camden, State of Missouri, Hans Anderson sold more than 5 grams of marijuana, a controlled substance, to S.J. North, and

Second, that the defendant and Hans Anderson knew that the substance Hans Anderson sold was marijuana,

then you are instructed that the offense of selling more than 5 grams of marijuana has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Third, that with the purpose of promoting or furthering the commission of that selling more than 5 grams of marijuana, the defendant *acted together with or aided* Hans Anderson in committing that offense,

then you will find the defendant guilty of selling more than 5 grams of marijuana.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

(Emphasis added.)

This instruction was patterned in part after MAI–CR 3d 304.04. The State does not dispute that under this instruction the jury could have convicted Defendant if they believed he "acted together with or aided" Anderson in selling marijuana.

MAI–CR 3d 304.04 is the appropriate instruction where the State relies on accomplice liability. Note 4 under the Notes on Use of this section sets out four situations where the use of this instruction is appropriate. Those situations are:

First, where the evidence shows the conduct of the offense was committed entirely by someone other than the defendant and the sole basis for defendant's liability is that he aided the other person or persons.

Second, where the evidence shows that the defendant acted with another person or persons and they jointly committed the offense.

Third, where the evidence is not clear or conflicts as to whether the defendant simply aided (and did not by his own acts commit any of the conduct elements of the offense) or acted jointly with another person or persons (and by his own acts committed some or all of the conduct elements of the offense).

Fourth, where the evidence shows the conduct constituting the elements of the offense was committed solely by the defendant and there is also evidence showing someone aided or acted with the defendant.

Paragraph Third makes clear that simply aiding another person means that Defendant did not by his own acts commit any of the conduct elements of the offense.

On the other hand, acting jointly with another person means that the Defendant by his own acts committed some or all of the conduct elements of the offense. The elements of the offense in this case are (1) a transfer of the controlled substance and (2) receipt of any consideration. *State v. Mueller*, 598 S.W.2d 564, 567 (Mo.App. 1980).

In this case, we find no evidence that Defendant by his own acts committed any of the conduct elements of the offense of selling marijuana. Admittedly, Defendant did not (1) transfer the marijuana or (2) receive any consideration.

The prosecutor argued in closing with specific reference to the alternative submissions in Instruction No. 5 that Defendant acted together with Anderson because of the Defendant's statement that "I'm all out [of marijuana], get it from my buddy." The prosecutor repeatedly argued that Defendant urged Officer North to deal with Anderson. The State's brief also suggests that Defendant directed Officer North to buy the marijuana from Anderson. However, the record is devoid of any evidentiary support for the prosecutor's closing remarks and the State's view of the evidence. The only evidence on this subject came from Officer North who testified that Defendant "made a comment that he didn't have any [marijuana], and then I believe Mr. Anderson did respond that he did have some."

■ The disjunctive submission of alternative means by which a single crime can be committed is proper only if the alternative submissions are each supported by the evidence. *State v. Brigham*, 709 S.W.2d 917, 922 (Mo.App.1986). Here, Instruction No. 5 disjunctively submitted that Defendant either "aided" or "acted together with" Anderson in selling marijuana. As decided under Point I, sufficient evidence allowed the jury to find that Defendant aided Anderson. Defendant correctly argues that no evidence supported the alternative submission of acting together with

Anderson. Therefore, Instruction No. 5 erroneously submitted alternative means by which the jury could have found Defendant guilty.

 Even though an instruction is erroneously submitted, we reverse only if we find prejudice to the defendant. *State v. Taylor,* 944 S.W.2d 925, 936 (Mo. banc 1997). A defendant suffers prejudice from an erroneous instruction when the jury may have been adversely influenced by it. *State v. Caldwell,* 956 S.W.2d 265, 267 (Mo. banc 1997).

 We find prejudice to Defendant in this case because of the disjunctive submission in Instruction No. 5. Some of the jurors may have believed that Defendant "aided" Anderson by delivering the scale to him. Other jurors may have believed that Defendant "acted together with" Anderson based on the same act. As previously demonstrated, the State presented no evidence that Defendant "acted together with" Anderson.

Prejudice from an erroneous jury instruction can be found where the potential exists for misleading or confusing the jury. *State v. Green,* 812 S.W.2d 779, 787 (Mo. App.1991). Here, the prosecutor's argument, without evidentiary support, had the effect of misleading the jury. Some jurors may have relied on the prosecutor's remarks and decided guilt based on "acting together," while disregarding whether Defendant "aided" Anderson. In *State v. Scott,* 689 S.W.2d 758 (Mo.App.1985), the appellate court reversed a capital murder case after finding prejudicial error in the submission of the verdict-directing instruction. Although defendant was charged with "acting with another," all the evidence showed defendant's companion killed and robbed the victim. *Id.* at 760. The verdict directing instruction disjunctively hypothesized that defendant or his companion killed the victim. *Id.* The prosecutor's

final argument suggested that defendant's companion, if he had testified, would have accused defendant of shooting the victim. *Id.* Under these circumstances, the court found prejudice to defendant. *Id.*

We determine that the defendant in this case was prejudiced by the erroneous instruction and the prosecutor's argument in the same manner as the defendant in *Scott.* Defendant's second point has merit.[3]

Because we found the evidence sufficient to sustain Defendant's conviction based on aiding the sale of marijuana, we reverse and remand the case for a new trial under proper instructions.

PARRISH, P.J., and SHRUM, J., concur.

---

**3.** Defendant's last point complains about the prosecutor's closing argument. Our decision renders this point moot.