**STATE of Missouri, Respondent,**

v.

**Tommie L. JONES, Appellant.**

**No. ED 91669.**

Missouri Court of Appeals,
Eastern District.

Oct. 27, 2009.

Gwenda R. Robinson, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Richard A. Starnes, Asst. Attorney General, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Tommie Jones ("Defendant") appeals from the judgment upon his convictions for first-degree robbery, Section 569.020 RSMo 2000[1], armed criminal action, Section 571.015, and resisting arrest, Section 575.150. Defendant argues the trial court (1) erred in overruling his motion for judgment of acquittal at the close of all of the evidence because there was no evidence to support the allegation that he was a principal actor in committing the charges of first-degree robbery and armed criminal action, (2) plainly erred in submitting jury instruction numbers 11 and 12 because they failed to comply with MAI–CR3d 304.04 and were not supported by the evidence, and (3) plainly erred in removing the issue of punishment from the jury and sentencing Defendant as a prior felony offender under Section 558.016. We affirm as modified.

The following evidence was adduced at trial. Mary Kathleen Becherer, the victim of the robbery charged in this case, was walking home from having dinner with her husband, Bruce Bailey. Mr. Bailey was driving home. As Mr. Bailey was pulling out of his parking spot, Uvone Ward came running by at a very high rate of speed. Mr. Bailey then got out of his car and saw Ms. Becherer, who was yelling "he has my stuff" and that "he has a gun." Mr. Bailey watched Ward run and get into the passenger side of a maroon full-size pick-up truck, which drove away at a high rate of speed.

Later, the police observed a maroon full-size pick-up truck, which matched the description of vehicle that had been involved in two robberies earlier in the evening. The police began following the truck in an unmarked vehicle. Subsequently, the police turned on their lights and siren to pull

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

the vehicle over. Instead of pulling over, the vehicle took off at a very high rate of speed. The police chased the vehicle, which slowed shortly thereafter. At this point, the police saw the passenger, Ward, throw an object, which appeared to be a pistol, out the window. Next the truck stopped and Ward got out and ran. The truck then sped off again and the police followed the truck. The truck eventually stopped, and the police apprehended the driver, Defendant. Before the police asked Defendant anything, he uttered "I didn't rob anybody" or "I didn't rob anyone."

Defendant was convicted of first-degree robbery, armed criminal action, and resisting arrest. Defendant was sentenced to twenty years of imprisonment for the robbery, a concurrent term of twenty years of imprisonment for the armed criminal action, and a concurrent term of four years of imprisonment for resisting arrest.

Defendant filed motions for judgment of acquittal at the close of the State's evidence and at the close of all evidence. Both of these motions were denied. Defendant also filed a motion for new trial, which was denied. This appeal follows.

In his first point, Defendant argues the trial court clearly erred in overruling his motion for judgment of acquittal at the close of all of the evidence because there was insufficient evidence to support Defendant's convictions of first-degree robbery and armed criminal action in that Jury Instruction Numbers 11 and 12 allowed a finding of guilt only if the jury believed "[Defendant], acting with [ ] Ward" committed the conduct elements of the offenses. Defendant contends there was no evidence to support the allegation that he was a principal actor in the charged offenses. We disagree.

Initially, we note that Defendant is challenging the overruling of his motion for judgment of acquittal at the close of all of the evidence, which occurred before the jury was instructed. Thus, we will evaluate Defendant's first point on the basis of whether there was sufficient evidence to submit the first-degree robbery and armed criminal action cases against Defendant to the jury without regard for the effect of instructions 11 and 12. We will deal with the alleged instructional error in Defendant's second point.

 We will affirm a trial court's denial of a motion for judgment of acquittal if, at the close of all evidence, there was sufficient evidence from which reasonable persons could have found the defendant guilty of the charged offense. *State v. Hoosier*, 267 S.W.3d 767, 770 (Mo.App. S.D.2008). We review the denial of a motion for judgment of acquittal to determine if the State adduced sufficient evidence to make a submissible case. *Id.* The State may prove its case by presenting either direct or circumstantial evidence connecting the defendant to each element of the crime. *Id.* Circumstantial evidence is given the same weight as direct evidence and the jury is free to make reasonable inferences from the evidence presented. *Id.* When reviewing a challenge to the sufficiency of evidence supporting a criminal conviction, we are limited to a determination of whether sufficient evidence was presented at trial from which a reasonable juror might have found the defendant guilty of the essential elements of the crime beyond a reasonable doubt. *State v. Wurtzberger*, 265 S.W.3d 329, 335 (Mo. App. E.D.2008). In applying this standard of review, we accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregard all evidence and inference to the contrary. *Id.* The court does not act as a "super juror" with veto powers over the conviction, but rather

gives great deference to the trier of fact. *Id.*

■ A conviction for first-degree robbery in this case requires the State to show Defendant, acting in concert with another, forcibly stole property from another while using or threatening the use of what appeared to be a deadly weapon. Section 569.020. Further, a conviction for armed criminal action in this case requires the State to show Defendant, acting in concert with another, committed first-degree robbery with the assistance of a deadly weapon. Section 571.015. Missouri has eliminated the distinction between principals and accessories, and now, all persons who act in concert to commit a crime are equally guilty. *State v. Beggs,* 186 S.W.3d 306, 313 (Mo.App. W.D.2005). To make a submissible case of accomplice liability, the State has to show that the defendant associated himself with the venture or participated in the crime in some manner, but does not have to show that he personally committed every element of the crime. *Id.* Any evidence that shows affirmative participation in aiding the principal to commit the crime is sufficient to support a conviction. *Id.*

■ The evidence showed Ward robbed Ms. Becherer at gunpoint and then ran and got into the passenger side of a maroon full-size pick-up truck, which then sped away.

The evidence shows Defendant was later seen driving with Ward in a maroon full-size pick-up truck. When the police tried to stop the truck, Defendant tried to get away. During the chase, Defendant slowed so Ward could throw a gun out the window and then so he could flee on foot. Defendant tried to get away from the police by driving at a high rate of speed, but the police eventually caught him. When he was apprehended before the police asked him any questions, Defendant stated "I didn't rob anybody" or "I didn't rob anyone," which showed his awareness that the police were chasing him because of his connection to a robbery.

■ A defendant's flight upon realizing the presence of police can constitute evidence of guilt. *State v. Morris,* 41 S.W.3d 494, 497 (Mo.App. E.D.2000). Further, proof that the defendant knew the principal actor had robbed someone and that the defendant acted as a getaway driver is sufficient evidence of participation to support a finding of accomplice liability. *State v. Meuir,* 138 S.W.3d 137, 144 (Mo.App. S.D.2004). We find there was sufficient evidence to show that Defendant acted as an accomplice with Ward in committing first-degree robbery and armed criminal action.

Therefore, the trial court did not err in overruling Defendant's motion for judgment of acquittal at the close of all of the evidence. Point denied.

In his second point, Defendant argues the trial court plainly erred in submitting jury instruction numbers 11 and 12 because they failed to comply with MAI–CR3d 304.04 and were not supported by the evidence in that: (1) the instructions ascribed conduct elements of the offenses to Defendant and submitted that Defendant acted with Ward in committing the offenses when Defendant was not present during the commission of the offenses, but was merely the driver of the getaway car; and (2) the instructions did not require the jury to find Defendant had the required mental state for the purpose of promoting or furthering the commission first-degree robbery and armed criminal action. We disagree.

Initially, we note that instruction number 10 provided: "A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with the other person with the common purpose of

committing that offense or if, for the purpose of committing that offense, he aids or encourages the other person in committing it."

Instruction number 11 provided:

As to Count 3, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about October 18, 2005, in the City of St. Louis, State of Missouri, [Defendant], acting with Uvone Ward, took a woman's purse and contents, which was property owned by Mary K. Becherer, and

Second, that [Defendant], acting with Uvone Ward, did so for the purpose of withholding it from the owner permanently, and

Third, that [Defendant], acting with Uvone Ward, in doing so used physical force on or against Mary K. Becherer for the purpose of forcing Mary K. Becherer to deliver up the property, and

Fourth, that in the course of taking the property, Uvone Ward displayed or threatened the use of what appeared to be a deadly weapon, and

Fifth, that Uvone Ward was a participant with [Defendant] in the commission of the offense, then you will find [Defendant] guilty under Count 3 of robbery in the first degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find [Defendant] not guilty of that offense.

Instruction number 12 stated:

As to Count 4, if you find and believe from the evidence beyond a reasonable doubt:

First, that [Defendant], acting with Uvone Ward, committed the offense of Robbery First Degree, as submitted in Instruction No. 11, and

Second, that [Defendant], acting with Uvone Ward, knowingly committed that offense by, or with, or through, the use, or assistance, or aid, of a deadly weapon, Then you will find [Defendant] guilty under Count 4 of Armed Criminal Action.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find [Defendant] not guilty of that offense.

■■■■■ Defendant did not object to instructions 10, 11, or 12 at trial nor did he raise any claim of error regarding these instructions in his motion for new trial, but he requests plain error review under Rule 30.20. Plain error is evident, obvious and clear error. *State v. Louis,* 103 S.W.3d 861, 864 (Mo.App. E.D.2003). The assertion of plain error places a much greater burden on a defendant than when he asserts prejudicial error. *Id.* The defendant must show that the alleged error so substantially affects his or her rights that, if left uncorrected, manifest injustice or a miscarriage of justice would inexorably result. *Id.* Instructional error seldom constitutes plain error because plain error requires a defendant to show more than mere prejudice. *State v. Reed,* 243 S.W.3d 538, 541 (Mo.App. E.D.2008). For instructional error to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict. *Id.*

■■■ Defendant maintains instruction numbers 11 and 12 are improper because they ascribe the conduct elements of the offense to Defendant, and the evidence showed Defendant was not present during the commission of the offenses, although he was the driver of the getaway car. Defendant contends the Notes on Use provides that where the conduct elements are committed entirely by someone other than the defendant, the verdict directing in-

struction should require the jury to find the defendant "aided or encouraged" another person in the commission of the offense "with the purpose of promoting or furthering the commission of that offense." Defendant argues instruction numbers 11 and 12 included language stating Defendant "act[ed] with Uvone Ward" instead of "aided or encouraged," and that they completely omitted the second portion of MAI–CR3d 304.04,[2] which required the jury to find Defendant had the purpose of promoting or furthering the commission of robbery and armed criminal action and was necessary for a showing that Defendant had the requisite mental state to be convicted for aiding and abetting.

The State concedes that the proper language was "aided or encouraged" because the evidence showed Defendant did not personally commit any of the conduct elements of the offenses. Further, the State concedes instruction numbers 11 and 12 were not in compliance with the Notes on Use and thus did not comply with the approved instruction.

 Failure to comply with the Missouri Approved Instructions–Criminal and the applicable Notes on Use is presumed prejudicial. *State v. Rathmann*, 148 S.W.3d 842, 844 (Mo.App. E.D.2004). However, because we are reviewing for plain error, the error must constitute a manifest injustice. Here, there was no manifest injustice because Defendant cannot show the instructional error affected the jury's verdict. As noted above, instruction number 10 was read to the jury,

---

2. MAI–CR3d 304.04 provides:

A person is responsible for his own conduct and he is also responsible for the conduct of (another person) (other persons) in committing an offense if he acts with the other person(s) with the common purpose of committing that offense or if, for the purpose of committing that offense, he aids or encourages the other person(s) in committing it.

(As to Count ___, if) (If) you find and believe from the evidence beyond a reasonable doubt:

First, that (on) (on or about) [date], in the (City) (County) of ___, State of Missouri, [*Continue using the paragraphs from the MAI–CR 3d verdict director applicable to the offense and set out all the elements of the offense, ascribing the elements to the defendant or other person or persons with whom the defendant acted. See Notes on Use 5 for suggestions on handling various types of situations. See Notes on Use 7(b) for handling murder in the first degree. Place a comma at the end of the last paragraph submitting the elements of the offense. Then add the following:* ]

then you are instructed that the offense of [*name of offense* ] has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

(Second) (Third) ( [*next numbered paragraph* ] ), that with the purpose of promoting or furthering the commission of that

[*name of offense* ], the defendant [*Insert basis for defendant's conduct being sufficient for being criminally responsible, using one of the following "(acted together with) (aided or encouraged) (acted together with or aided)." See Notes on Use 5 for the various options and when they should be used. After the appropriate option(s), state the name(s) of other person(s) or, if unknown, a general identification of the other(s) involved, such as "another person," "other person(s)," etc.*] in committing the offense, (and)

( [*next numbered paragraph* ], that [*Continue in this and other paragraphs to deal with defenses as directed in* MAI–CR 3d 304.11 and MAI–CR 3d 304.02.*],)

then you will find the defendant guilty (under Count ___) of [*name of offense* ] (, unless you find and believe [*Continue with a reference to any affirmative defense applicable to the defendant and supported by the evidence. See* MAI–CR 3d 304.11.] ).

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense. [*Omit this paragraph if an affirmative defense is submitted.*]

[*If the MAI–CR 3d verdict director form for the offense contains mandatory definitions, insert those definitions here.*]

and it properly set out the accomplice liability instruction by itself. A jury is presumed to know and follow the instructions given by the trial court. *State v. Wheeler,* 219 S.W.3d 811, 817 (Mo.App. S.D.2007). Thus, we find the jury had a proper understanding of what it needed to believe in order to find Defendant guilty.

Further, the fact that the jury found Defendant "acted with" Ward in committing these crimes actually satisfies a higher burden than if the jury had been properly instructed that it only needed to find Defendant "aided or encouraged" Ward in committing the crimes. Thus, even if there had not been an instructional error, the jury would have found Defendant guilty. Thus, the error was not outcome determinative.

In addition, the evidence that Defendant had aided or encouraged Ward was strong. When Defendant was apprehended after a chase driving a truck that matched the description of the truck involved with the robberies, he immediately denied robbing anyone before the police had even mentioned robbery.

Therefore, the trial court did not plainly err in submitting instruction numbers 11 and 12. Point denied.

█ In his third point, Defendant argues the trial court plainly erred in removing the issue of punishment from the jury and sentencing Defendant as a prior felony offender under Section 558.016 because the State's indictment did not plead facts warranting a finding of prior felony offender status and Defendant did not waive his right to jury sentencing under Section 557.036.2. We disagree.

Defendant acknowledges that this claim of error was not preserved, but requests plain error review under Rule 30.20.

Defendant was charged by indictment, and his indictment did not include an allegation that he was a prior offender under Section 558.016. In addition, the State never filed an information in lieu of indictment or any amended informations. During trial, the State presented Defendant with an exhibit showing Defendant had previously pleaded guilty to first-degree robbery in a case from St. Louis County. Defendant's counsel and Defendant acknowledged that Defendant had a prior conviction. The trial court then made a finding that Defendant was a prior offender and took sentencing away from the jury.

Section 558.021.1 provides:

[t]he court shall find the defendant to be a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender if:

(1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender; and

(2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender; and

(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender.

Defendant contends that because the State's indictment failed to charge Defendant as a prior offender, the trial court violated Section 558.021 by finding Defendant to be a prior offender. Further, Defendant maintains this error prejudiced

him because he was deprived of his statutory right to jury sentencing under Section 557.036 without due process of law.

The State concedes the trial court did not comply with Section 558.021 in finding Defendant to be a prior offender. However, Defendant acknowledged he was a prior offender and failed to object to that finding. Further, Defendant failed to object to the lack of jury sentencing, thus waiving his right to jury sentencing. *See State v. Emery*, 95 S.W.3d 98, 102–03 (Mo. banc 2003)(where the court held a defendant had waived his statutory right to a jury-recommended sentence where he allowed the judge to determine his sentence without raising his right to have the jury recommend a sentence.). We cannot see how Defendant has established manifest injustice where the prejudice demonstrated is that he was denied a statutory right he waived. *State v. Darden*, 263 S.W.3d 760, 769 (Mo.App. W.D.2008).

Therefore, the trial court did not plainly err in removing the issue of punishment from the jury and sentencing Defendant as a prior felony offender under Section 558.016. Defendant's point is denied.

However, although Defendant does not request that the classification of "prior offender" be removed from the judgment and sentence, we recognize there are other possible ramifications from being improperly classified as a prior offender, such as the possibility of it affecting future parole eligibility. *State v. Jolley*, 45 S.W.3d 549, 552 (Mo.App. E.D.2001) *citing State v. Halk*, 955 S.W.2d 216, 217 (Mo.App. E.D. 1997); *State v. McGee*, 284 S.W.3d 690, 713 (Mo.App. E.D.2009); 14 CSR 80–2.010(3)(C)(*l*). Therefore, we finally dispose of this matter and correct the judgment and sentence to remove the prior offender classification. Rule 30.23.

The judgment of the trial court is affirmed as so modified.

SHERRI B. SULLIVAN, P.J. and PATRICIA L. COHEN, J., concur.