STATE of Missouri, Respondent,

v.

Latrail R. YOUNG, Appellant.

No. ED 96491.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 15, 2012.

Application for Transfer to Supreme Court
Denied June 20, 2012.

Jessica Hathaway, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The defendant, Latrail Young, appeals the judgment entered by the Circuit Court of the City of St. Louis after a jury convicted him of second-degree robbery, in violation of section 569.030 RSMo. (2000);[1] first-degree assault, in violation of section 565.050; armed criminal action, in violation of section 571.015; and resisting arrest, in violation of section 575.150 RSMo. (Supp. 2008).

We hold that the State presented sufficient evidence to show that the defendant acted as an accomplice in committing first-degree assault and armed criminal action in connection with the shooting of the victim. The trial court, however, erred when its verdict-director for first-degree assault instructed the jury with the phrase "acted together with or aided" rather than using the phrase "aided or encouraged" as required by the Notes on Use for MAI–CR 3d 304.04. Nonetheless, the record gives us no reason to believe that the jurors drew the fine legal distinction contemplated between the undefined terms "acted together with" and "aided." We conclude that, under the facts of this case, the instructional error was not so prejudicial that it deprived the defendant of a fair trial, and thus does not warrant reversal.

*Factual Background*

Viewed in the light most favorable to the verdict, the evidence reveals that the victim had just returned to his apartment on February 18, 2009 after purchasing several large household items in anticipation of his girlfriend moving in with him. The victim heard a knock at his door. Expecting his girlfriend, he unlocked and began to open the door. The defendant, whom the victim recognized from either elementary or middle school, pushed into the apartment, asked the victim if he remembered him, pointed a gun at the victim, and ordered him not to move. The defendant knocked on a window, and another man wearing a mask entered the apartment.

While the defendant held the victim at gunpoint, the other man bound the victim. The defendant put a sock in the victim's mouth and a plastic bag over his head. The defendant then ransacked the apartment while the other man held the victim at gunpoint. The victim began to experience trouble breathing, and broke free from his restraints. The victim wrestled with one or both assailants, but stopped struggling when the second man pointed his gun at the victim.

The defendant then took some of the victim's belongings and went outside. The other man then fired a single shot, shoot-

---

1. All statutory references are to RSMo. (2000) except as otherwise indicated.

ing the victim through both arms. The defendant returned to the apartment, and asked the other man whether he had shot the victim. The other man confirmed that he had shot the victim in the arms. The defendant and the other man then took the victim's television and left as the victim lay injured on the floor. After his assailants left, the victim fled his apartment, hiding for a time in a vacant apartment in the building before going to a neighbor's to phone the police.

The police investigation quickly led to the defendant, and the police apprehended him on June 1, 2009, after surrounding the defendant's apartment building and giving chase when he jumped from a second-story window and fled on foot. The State charged the defendant with first-degree robbery, first-degree assault in connection with the victim's shooting, two counts of armed criminal action, first-degree burglary, and resisting arrest.

During the instruction conference, the State offered instruction number 8, the verdict-director for first-degree assault. With regard to the defendant's accomplice liability for the assault, instruction number 8 required the jury to find that "with the purpose of promoting or furthering the commission of that assault in the first degree, the defendant *acted together with or aided* another person in committing the offense" (emphasis added). Defense counsel objected to inclusion of the phrase "acted together with." The State argued that it was merely "a matter of semantics," and should remain in the instruction because it was not prejudicial. The trial court acknowledged the holding of *State v. Puig*,[2] as cited in the applicable MAI–CR 3d Note

on Use, and subsequent cases. The trial court nevertheless stated that it would submit Instruction number 8 as offered by the State because the court believed that the *Puig* holding should be limited to its precise facts.

The jury found the defendant guilty of second-degree robbery, first-degree assault, armed criminal action, and resisting arrest. The jury acquitted the defendant of first-degree burglary. The trial court dismissed the count of armed criminal action corresponding to the first-degree robbery charge, for which the jury had found the defendant guilty of the lesser-included offense of second-degree robbery. The trial court sentenced the defendant as a prior and persistent felony offender to a total of thirty years' imprisonment. The defendant appeals.

### Discussion

The defendant challenges the sufficiency of the evidence to support his convictions for assault and armed criminal action, and he claims the trial court submitted an erroneous verdict-director for the charge of first-degree assault.

### Sufficiency of the Evidence

■ In his first point, the defendant claims the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence and in entering judgment and sentence for first-degree assault and armed criminal action. He contends that the State presented *no evidence* that he "acted together with or aided" the gunman in committing the offenses.[3]

---

**2.** 37 S.W.3d 373 (Mo.App. S.D.2001).

**3.** The defendant challenges the denial of his motion for judgment of acquittal at the close of all the evidence, which occurred before the trial court instructed the jury. Thus, we will

evaluate whether the State presented sufficient evidence to submit to the jury the cases against the defendant for first-degree assault and armed criminal action without regard to the form of the verdict-director. We will ad-

We will affirm a trial court's denial of a motion for judgment of acquittal if, at the close of all the evidence, sufficient evidence exists from which reasonable persons could have found the defendant guilty of the charged offense. *State v. Jones,* 296 S.W.3d 506, 509 (Mo.App. E.D.2009). When reviewing the sufficiency of the evidence to support the jury's verdict, we accept as true all of the evidence favorable to the State, including all favorable inferences drawn from the evidence, and we disregard all evidence and inferences to the contrary. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993). We then determine whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.*

To convict the defendant of first-degree assault in this case, the State had to show that the defendant, acting in concert with another, attempted to kill or cause serious physical injury to the victim, and actually caused such injury. Section 565.050. To prove the defendant guilty of armed criminal action, the State had to establish that the defendant, acting in concert with another, committed assault with the assistance of a deadly weapon. Section 571.015. The defendant argues that the victim's shooting was a separate and independent act committed by another person, and thus no evidence or reasonable inference supports the defendant's conviction of first-degree assault and the related armed criminal action. We disagree

■ Missouri has eliminated the distinction between principals and accessories, and thus, all persons who act in concert to commit a crime are equally guilty. *State v. Barnum,* 14 S.W.3d 587, 591 (Mo. banc 2000); *Jones,* 296 S.W.3d at 510. The doctrine of accomplice liability set

forth in section 562.041 comprehends any of a wide variety of actions intended to assist another in criminal conduct. *Barnum,* 14 S.W.3d at 591. To make a submissible case of accomplice liability, the State must show that the defendant associated himself with the venture or participated in the crime in some manner, but the State need not show that the defendant personally committed every element of the crime. *Jones,* 296 S.W.3d at 510. Any evidence that shows affirmative participation in aiding the principal to commit the crime will support a conviction. *Id.*

Viewed in the light most favorable to the verdict, the evidence and reasonable inferences therefrom revealed the defendant's affirmative participation in the assault and armed criminal action. The defendant targeted and approached the victim, pushed his way into the victim's apartment, held the victim at gunpoint, signaled the other man to enter the apartment, and held the victim at gunpoint while the other man bound the victim. The defendant gagged the victim, placed a bag over his head, and later confirmed that the other man had indeed shot the victim after the defendant ransacked the victim's apartment.

We find sufficient evidence to show that the defendant acted as an accomplice in committing first-degree assault and armed criminal action. We deny the defendant's first point.

*Instructional Error*

■ In his second point, the defendant claims the trial court submitted an erroneous verdict-director on the first-degree assault charge, instruction number 8, with the alternative language that the defendant "acted together with or aided" another person in committing the assault. The defendant contends that the instruction

dress the alleged instructional error in our consideration of the defendant's second point.

failed to conform to MAI–CR 3d 304.04 and its Notes on Use, and should have used the language "aided or encouraged" where the evidence showed that another person committed all of the conduct elements of the offense. The defendant argues that the instruction as given prejudiced him because no evidence supported that he "acted together with" the other man in assaulting the victim, thus depriving the defendant of a unanimous verdict.

Whenever an MAI–CR instruction applies under the law, the court is to give the MAI–CR instruction to the exclusion of any other instruction. *State v. Anderson*, 306 S.W.3d 529, 534 (Mo. banc 2010). Giving an instruction that violates the Notes on Use under the MAI–CR constitutes error, and its prejudicial effect is to be judicially determined. Rule 28.02(f); *Anderson*, 306 S.W.3d at 534. Further, where a proper, timely objection is made, giving an instruction in violation of MAI–CR is presumptively prejudicial unless the contrary is clearly shown. *Id.* Nonetheless, we will only reverse when the instructional error was so prejudicial that it deprived the defendant of a fair trial. *Id.*

Instruction number 8, offered by the State, reads in relevant part:

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with the other person with the common purpose of committing that offense or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

As to Count III, if you find and believe from the evidence beyond a reasonable doubt:

First, that on about February 18, 2009, in the City of St. Louis, State of Missouri, another person attempted to kill or cause serious physical injury to [the victim] by shooting him, and

Second, that another person in the course of such conduct caused serious physical injury to [the victim],

then you are instructed that the offense of assault in the first degree has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Third, that with the purpose of promoting or furthering the commission of that assault in the first degree, the defendant *acted together with or aided* another person in committing the offense,

then you will find the defendant guilty under Count III of assault in the first degree.

\* \* \*

(Emphasis added).

The defendant challenges the use of the phrase "acted together with or aided" in paragraph third because the evidence showed that the other man committed all of the conduct elements of the assault. The defendant is correct that MAI–CR 3d 304.04 Note on Use 5(a) requires the words "aided or encouraged" where, as here, the evidence shows that a person other than the defendant committed all of the conduct elements of the offense. The language actually used in instruction number 8 is appropriate where the evidence is unclear or conflicts as to whether the defendant or another engaged in the conduct constituting the offense. MAI–CR 3d 304.04 Note on Use 5(c). The trial court erred when it instructed the jury with the term "acted together with or aided" rather than using the term "aided or encouraged."

We do not endorse the trial court's decision to disregard the Notes on Use for MAI–CR 3d 304.04. Defense counsel ob-

jected to the language of instruction number 8. The record shows that the trial court understood the Notes on Use and the caselaw. Giving an instruction in violation of the Notes on Use constitutes error, and giving such an instruction over timely objection is presumptively prejudicial unless the contrary is clearly shown. *Anderson*, 306 S.W.3d at 534. Nonetheless, the trial court submitted the verdict-director for first-degree assault knowing that the language did not comply with the Notes on Use. We do not condone a trial court's conscious decision to commit error that is presumptively prejudicial.

 Instructional error warrants reversal, however, only where the error is so prejudicial that it deprived the defendant of a fair trial. *Id.* The defendant cites *State v. Puig* for the proposition that a disjunctive submission of alternative means by which a single crime can be committed—"acted together with or aided"—is proper only where the evidence supports each alternative. 37 S.W.3d 373, 377 (Mo.App. S.D.2001). The *Puig* Court found prejudice because some jurors may have believed that Puig "aided" another by delivering a scale to him for a drug sale while other jurors may have believed that Puig "acted together with" the other person based on the same act. *Id.* at 378. Yet there was no evidence that Puig "acted together with" another by committing any conduct elements of the offense. *Id.*

As the Western District has observed, however, applying this rule to an instruction on accomplice liability is uniquely problematic. *State v. Biggs*, 170 S.W.3d 498, 504 (Mo.App. W.D.2005). While a jury must unanimously agree as to the fact of the defendant's guilt, the jury need not agree as to the means by which the defendant committed the crime because whether the defendant committed all, some, or none of the conduct elements of the assault is

irrelevant. *Id.* at 504–05. The defendant here is guilty of first-degree assault whether he aided or whether he acted together with the other man in shooting the victim. *Id.* at 505.

Furthermore, while the trial court should follow the rules and definitions in the MAI–CR 3d Notes on Use in modifying an instruction and submitting it to the jury, the Notes have little, if any, bearing on analyzing the effect of an erroneous instruction on a jury in the context of aider liability. *State v. Galbreath*, 244 S.W.3d 239, 252 (Mo.App. S.D.2008). We agree with the *Galbreath* Court's conclusion in this regard.

We disagree, however, with *Galbreath*'s discussion in a footnote why section 562.041 leads to this conclusion. *Galbreath* maintains that section 562.041 prohibits only one type of accessorial conduct: "aid." *Id.* at 252 n. 14. *Galbreath* states that the term "aid" necessarily subsumes "acted together with" because if it did not, the conduct of "acting together with" would not be criminal under section 562.041. *Id.* Because the statute does not define "aid," and because it is the only conduct prohibited by section 562.041, *Galbreath* maintains that it thus becomes clear that the phrases provided in MAI–CR 3d 304.04 Notes on Use are simply different ways of describing "aid" for the jury, and cannot be mutually exclusive. *Id.*

First, it is not true that section 562.041 only prohibits "aiding." By its own terms, it also forbids "agreeing to aid" and "attempting to aid." Section 562.041. These are distinct concepts. *See* Carol A. Schwab, *Accomplice Liability Under the 1979 Missouri Criminal Code*, 44 Mo. L. REV. 233, 240–41 (1979). Second, *Galbreath* does not fully consider the effect of section 562.036, which provides that "[a] person with the required culpable mental state is guilty of an offense if it is commit-

ted by his own conduct or by the conduct of another person for which he is criminally responsible, or both." It appears that it is section 562.036, which expressly addresses conduct, not section 562.041, that establishes liability for "acting together with another" to commit the conduct elements of an offense, as contemplated by the Notes on Use for MAI–CR 3d 304.04.

Nonetheless, we agree with *Galbreath*'s conclusion, if not all of its reasoning, that an ordinary juror would have no understanding of the legal principles underlying conduct elements or intent elements of a crime. *Id.* at 252. The two terms—"acted together with" and "aided"—were not defined for the jury. In considering the facts of this case, an ordinary juror would see no distinction between the two terms and would treat them as functionally equivalent. In ordinary language, when we think of "aiding" someone, we likely think of "acting together with" him or her. Likewise, when we think of "acting together with" someone, we likely think of "aiding" that person.

While failure to follow the Notes on Use undoubtedly constitutes error, the prejudice analysis remains distinct because it depends on the facts of the case. Here, the evidence and reasonable inferences showed that the defendant targeted and approached the victim, shoved his way into the apartment, held the victim at gunpoint, signaled the other man to enter the apartment, and held the victim at gunpoint while the other man bound the victim. The defendant gagged the victim, placed a bag over the victim's head, and confirmed that the other man had indeed shot the victim after the defendant ransacked the victim's apartment.

Under these circumstances, a reasonable juror applying the phrase's ordinary meaning would consider the defendant's affirmative participation with the other man in committing the crime, and would conclude that the defendant "acted together with" the other man to assault the victim. Likewise, a reasonable juror applying the word's ordinary meaning would conclude that the defendant "aided" the other man's assault on the victim. Given the facts of this case, we have no reason to believe that the jurors drew such a fine legal distinction between the terms "acted together with" and "aided" as contemplated in *Puig*. And without such a fine legal distinction, the defendant's claim of prejudice cannot be demonstrated. We deny the defendant's second point.

### Conclusion

We hold that the State presented sufficient evidence to show that the defendant acted as an accomplice in committing first-degree assault and armed criminal action. The trial court, however, erred when its verdict-director for first-degree assault instructed the jury with the phrase "acted together with or aided" rather than using the phrase "aided or encouraged" as required by the Notes on Use for MAI–CR 3d 304.04. Nonetheless, because the record gives us no reason to believe that the jurors drew the fine legal distinction contemplated between the undefined terms "acted together with" and "aided," we conclude that the instructional error was not so prejudicial that it deprived the defendant of a fair trial, and thus does not warrant reversal. We affirm the trial court's judgment.

KATHIANNE KNAUP CRANE, P.J., and KENNETH M. ROMINES, J., concur.